# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

Zach Hillesheim,

    Plaintiff,

v.

Westlake Hardware, Inc.; and Realty Income Corporation,

    Defendant.

CASE NO. 8:17-cv-00240

**DEFENDANT WESTLAKE HARDWARE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Westlake Hardware, Inc. ("Defendant") answers Plaintiff Zach Hillesheim's ("Plaintiff") Complaint paragraph by paragraph as follows:

## INTRODUCTION

1. Defendant admits that Plaintiff brings a civil rights action but denies any and all other allegations contained in Paragraph 1.

2. Defendant admits that Westlake Hardware is located at 14060 W. Center Rd., Omaha, NE 68144 but denies any and all other allegations contained in Paragraph 2.

3. The allegations in Paragraph 3 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

4. Defendant denies the allegations contained in Paragraph 4.

5. Defendant admits that Plaintiff seeks injunctive relief but denies any and all other allegations contained in Paragraph 5.

## JURISDICTION AND VENUE

6. Defendant admits that this Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343. Defendant also admits that Plaintiff

seeks relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* ("ADA") Defendant denies any and all other allegations contained in Paragraph 6.

7. Defendant admits that venue is proper but denies any and all other allegations contained in Paragraph 7.

## PARTIES

8. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 and, therefore, denies the allegations contained in Paragraph 8.

9. The allegations in Paragraph 9 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 and, therefore, denies the allegations contained in Paragraph 10.

11. Defendant admits that it leases 14060 W. Center Rd., Omaha, NE 68144, to Westlake Hardware, Inc. Defendant is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 11 and, therefore, denies the same.

12. Defendant admits that Realty Income Corporation is a Maryland business corporation and that Defendant is the owner and lessor of 14060 W. Center Rd., Omaha, NE 68144. Defendant denies any and all other allegations contained in Paragraph 12.

## FACTUAL BACKGROUND

13. Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 13 and, therefore, denies the allegations contained in Paragraph 13.

    14. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14 and, therefore, denies the allegations contained in Paragraph 14.

    15. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 and, therefore, denies the allegations contained in Paragraph 15.

    16. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 16 and, therefore, denies the allegations contained in Paragraph 16.

    17. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 and, therefore, denies the allegations contained in Paragraph 17.

    18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 and, therefore, denies the allegations contained in Paragraph 18.

    19. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 19 and, therefore, denies the allegations contained in Paragraph 19.

    20. Defendant denies the allegation that there are "architectural barriers" at "Westlake Hardware." Defendant is without sufficient information to admit or deny the remaining allegations contained in Paragraph 20 and, therefore, denies the same.

    21. Defendant is without sufficient information to admit or deny the allegations

contained in Paragraph 21 and, therefore, denies the allegations contained in Paragraph 21.

22. The allegations in Paragraph 22 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

### THE ADA AND ITS IMPLEMENTING REGULATIONS

23. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 23 and, therefore, denies the allegations contained in Paragraph 23, as well as its subparts a–e.

24. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 24 and, therefore, denies the allegations contained in Paragraph 24, as well as its subparts a–c.

25. The allegations in Paragraph 25 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

26. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 26 and, therefore, denies the allegations contained in Paragraph 26.

27. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 27 and, therefore, denies the allegations contained in Paragraph 27.

28. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 28 and, therefore, denies the allegations contained in Paragraph 28.

29. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 29 and, therefore, denies the allegations contained in

Paragraph 29.

29. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 30 and, therefore, denies the allegations contained in Paragraph 30.

30. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 31 and, therefore, denies the allegations contained in Paragraph 31.

31. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 32 and, therefore, denies the allegations contained in Paragraph 32.

32. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 33 and, therefore, denies the allegations contained in Paragraph 33.

## FACTUAL ALLEGATIONS

34. The allegations in Paragraph 34 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

    a. The allegations in Paragraph 34(a) constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

    b. The allegations in Paragraph 34(b) constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

    c. The allegations in Paragraph 34(c) constitute legal conclusions to which no response is required, and, therefore, Defendant denies

      the same.

    d.    The allegations in Paragraph 34(d) constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

    e.    The allegations in Paragraph 34(e) constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

    f.    The allegations in Paragraph 34(f) constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

35.    The allegations in Paragraph 35 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

36.    Defendant denies the allegations contained in Paragraph 36.

37.    The allegations in Paragraph 37 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

38.    The allegations in Paragraph 38 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

39.    The allegations in Paragraph 39 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

40.    Defendant denies the allegations contained in Paragraph 40.

## **FIRST CAUSE OF ACTION**

41.    Defendant denies any and all allegations contained in Paragraph 41.

42.    The allegations in Paragraph 42 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

43. The allegations in Paragraph 43 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

44. The allegations in Paragraph 44 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

45. The allegations in Paragraph 45 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

46. The allegations in Paragraph 46 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

47. Defendant is without sufficient information to admit or deny the allegation that Plaintiff "plans to visit 'Westlake Hardware' again in the near future" and, therefore, denies the same. The remainder of the allegations in Paragraph 47 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

48. Defendant admits that Plaintiff seeks injunctive relief but denies any and all other allegations contained in Paragraph 48.

49. The allegations in Paragraph 49 constitute legal conclusions to which no response is required, and, therefore, Defendant denies the same.

50. Defendant denies any and all other allegations contained in the Complaint unless expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

1. The Complaint, and the claims stated therein, fail to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Plaintiff's claims are barred, in whole or in part, under the doctrines of

waiver, estoppel, ratification, laches, preemption, forfeiture and/or unclean hands.

    4.    Plaintiff lacks standing to bring this action.

    5.    Any architectural barriers were de minimis and did not prevent the Plaintiff from using the subject property.

    6.    Plaintiff's complaint is moot because Defendant has complied with the Americans with Disabilities Act because the subject property is readily accessible to and usable by Plaintiff.

    7.    The removal of any alleged barriers to Plaintiff's use of the subject property is not easily accomplishable and could not be carried out without much difficulty or expense.

    8.    Compliance with the accessibility requirements is structurally impractical.

    9.    Defendant accommodated or was ready and willing to accommodate Plaintiff to provide access to the subject property by alternative means other than removing architectural barriers.

    10.    To the extent removal of architectural barriers was required but not made, making the alterations would impose an undue burden on Defendant.

    11.    Plaintiff's claims should be barred because the relief demanded, if granted, would result in a fundamental alternation of Defendant's services.

    12.    Plaintiff's claims are barred because some or all of the features identified in the Complaint comply with the applicable law and are within the dimensional tolerances.

    13.    Defendant should not be subject to liability because Defendant provided equivalent facilitation with respect to any alleged barriers.

    14.    Defendant reserves the right to assert additional affirmative defenses, as

appropriate.

Defendant respectfully requests that the Court dismiss the Plaintiff's Complaint with prejudice and award Defendant its costs and attorney's fees and such other relief as this Court may deem just and proper.

Dated this 16th day of March, 2018.

                WESTLAKE HARDWARE, INC., Defendant,

By: /s/ Sara A. McCue
     Scott P. Moore (NE# 20752)
     Sara A. McCue (NE# 25521)
of  BAIRD HOLM LLP
     1700 Farnam St. Ste. 1500
     Omaha, NE 68102-2068
     Phone: 402-344-0500

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of the filing to the following:

Padraigin Browne

and I hereby certify that I have mailed by United States Postal Service, postage prepaid, this document to the following non CM/ECF participants:

None.

                                           /s/Sara A. McCue

DOCS/2043081.1